**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0751-18T4

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

EDMOND S. BELL, II, a/k/a
REDOX BELL,

    Defendant-Appellant.

_____

Submitted March 18, 2020 – Decided June 2, 2020

Before Judges Koblitz and Whipple.

On appeal from the Superior Court of New Jersey, Law Division, Ocean County, Indictment Nos. 15-03-0534, 15-03-0619, and 16-08-1569.

Joseph E. Krakora, Public Defender, attorney for appellant (Anderson David Harkov, Designated Counsel, on the brief).

Bradley D. Billhimer, Ocean County Prosecutor, attorney for respondent (Samuel J. Marzarella, Chief Appellate Attorney, of counsel; Dina Rochelle Khajezadeh, Assistant Prosecutor, on the brief).

PER CURIAM

Defendant appeals from an August 1, 2018 order denying his petition for post-conviction relief (PCR) without an evidentiary hearing.

Defendant raises the following issue on appeal:

> POINT ONE
>
> THE FAILURE OF SENTENCING COUNSEL TO ARGUE THAT DEFENDANT SHOULD HAVE RECEIVED GAP-TIME CREDIT PURSUANT TO N.J.S.A. 2C:44-5b(2), DEPRIVED DEFENDANT OF HIS CONSTITUTIONAL RIGHT TO THE EFFECTIVE ASSISTANCE OF COUNSEL AND THUS THE PCR COURT ERRED WHEN IT FAILED TO GRANT DEFENDANT'S PETITION FOR POST CONVICTION RELIEF.

We affirm for the reasons Judge Guy P. Ryan expressed in his thorough written opinion and add the following comments.

In order to establish a prima facie claim of ineffective assistance of counsel, a defendant must satisfy the two-prong test established in Strickland v. Washington, 466 U.S. 668 (1984). The defendant must show that (1) counsel "made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment" of the United States Constitution; and (2) the defect in performance prejudiced his or her rights to a fair trial such that there exists "a reasonable probability that, but for counsel's

unprofessional errors, the result of proceeding would have been different." Id. at 687, 694; State v. Fritz, 105 N.J. 42, 58 (1987) (adopting the standard in Strickland).

In the context of a guilty plea, our Supreme Court has explained that to prove ineffective assistance of counsel a defendant must demonstrate "(i) counsel's assistance was not 'within the range of competence demanded of attorneys in criminal cases'; and (ii) 'that there is a reasonable probability that, but for counsel's errors, [the defendant] would not have pled guilty and would have insisted on going to trial.'" State v. Nuñez- Valdéz, 200 N.J. 129, 139 (2009) (alteration in original) (quoting State v. DiFrisco, 137 N.J. 434, 457 (1994)).

To assess whether defendant's counsel performed deficiently by failing to argue he should have received gap-time credit we must first determine whether defendant was entitled to such credit. N.J.S.A. 2C:44-5(b) governs gap-time credit and "awards a defendant who is given two separate sentences on two different dates credit toward the second sentence for the time spent in custody since he or she began serving the first sentence." State v. Hernandez, 208 N.J. 24, 38 (2011). A defendant is entitled to gap-time credit when "(1) the defendant has been sentenced previously to a term of imprisonment; (2) the defendant is

sentenced subsequently to another term; and (3) both offenses occurred prior to the imposition of the first sentence." State v. Franklin, 175 N.J. 456, 462 (2003). When those elements are met, the sentencing court is obligated to award gap-time credits. Ibid.

Having conducted a careful review of the record, we conclude the law does not support defendant's argument concerning gap-time credit. Gap-time credit does not apply to the time between re-incarceration on a parole detainer and imposition of a separate sentence for a crime committed while on parole. Id. at 471. He was still "in custody" when he committed the new offense and was therefore disqualified from receiving gap-time credit. N.J.S.A. 2C:44-5(b)(3).

Judge Ryan correctly applied these principles. The record fully supports his findings and conclusions that defendant did not establish a prima facie case of ineffective assistance of counsel. Accordingly, an evidentiary hearing was not necessary or warranted as defendant was not entitled to any additional jail or gap-time credits.

Affirmed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

4                                                          A-0751-18T4